UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IBERIABANK** | : | **DOCKET NO. 2:20-cv-00790** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **J MICHAEL VERON et. al.** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a Motion for Discharge and Motion to Dismiss pursuant to Federal

Rules 12(c) and 12(b)(6) filed by plaintiff-interpleader IberiaBank. Doc. 10. IberiaBank also

requests attorney fees incurred in connection with its interpleader action. *Id*. The motions have

been referred to the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. § 636. Neither defendant has opposed the motions.

After consideration of the memorandum in support of the motions and for reasons stated

below, it is **RECOMMENDED** that the motions be **GRANTED**.

**I.**
**BACKGROUND**

This matter arises from a dispute over who would be the proper recipient of payments from

a Supplemental Executive Retirement Plan ("SERP"). According to IberiaBank, the SERP is a

plan subject to certain provisions of the Employee Retirement Income Security Act of 1974

("ERISA")[1] and is administered by the bank for the benefit of its employees. Doc. 1, p. 1; *see also*

---

[1] See 29 U.S.C. § 1001 *et seq*.

att. 1, p. 2. IberiaBank acquired Cameron State Bank in June of 2011 and assumed the obligations of Cameron State Bank with respect to the SERP. *Id*., att. 1, p. 2, ¶ 7.

Morgan S. Harmison, IV ("Harmison"), the decedent whose SERP plan s at issue here, worked for Cameron State Bank beginning June 17, 1994, and after the merger continued working with IberiaBank. *Id*., p. 2, ¶ 8. He participated in the SERP as an eligible employee until his employment with IberiaBank terminated November 4, 2011. *Id*., ¶ 9. The SERP provided Harmison with a "supplemental retirement income on a monthly basis for a period of 15 years." *Id*., ¶ 6. On November 21, 2008, Harmison designated Joyce L. Haynes as the sole primary beneficiary and Ricky D. Hayes as the sole contingent beneficiary. *Id*., p. 17. IberiaBank indicates it received no modification to Harmison's 2008 SERP beneficiary designation. *Id*., p. 3, ¶ 10. Subsequent to this designation, Harmison married Jo Ann Menges Harmison, and was married to her when he died on January 30, 2020. *Id*., ¶¶ 11-15.

After receipt of Harmison's death certificate, IberiaBank ceased monthly SERP payments and 76 out of 180 are yet to be paid. *Id*., ¶¶ 13, 22-23. On April 6, 2020, J. Michael Veron, the executor of Harmison's succession, filed a Petition for Declaratory Judgment against IberiaBank seeking a declaration that the SERP benefits should pass to Harmison's succession rather than the designated beneficiary. *Id*., ¶¶ 17-18. On June 16, 2020, Joyce Hayes, Harmison's designated SERP beneficiary, served a demand for payment of SERP benefits upon IberiaBank. *Id*., ¶ 20.

As a result of these conflicting claims IberiaBank filed the instant civil interpleader action under Federal Rule of Civil Procedure 22, naming as defendants Joyce Hayes and J. Michael Veron in his capacity as executor of Harmison's succession. Doc. 1. IberiaBank claims it is "unable to determine the proper party to receive the proceeds from the SERP" and faces "a potential for double or multiple liability for the proceeds." *Id*., p. 9, ¶ 34. IberiaBank claims that it is indifferent

as to which party will be paid and has "no interest in any of the benefits due under the SERP." *Id.*, pp. 9-10, ¶ 34. Joyce Hayes has filed an answer to the complaint in interpleader, a crossclaim against J. Michael Veron, a counterclaim against IberiaBank, and a claim for declaratory judgment as to "the rights and obligations of the respective parties as they concern the SERP." Doc. 9, p. 6.

IberiaBank seeks the following relief in the instant Motions to Discharge and Dismiss: (1) discharge of IberiaBank from the interpleader action with IberiaBank ordered to pay the SERP benefits to the proper beneficiary upon the court's determination of the proper beneficiary; (2) dismissal of Joyce Hayes' counterclaim against IberiaBank, as it seeks relief duplicative of that sought by the interpleader action; (3) restraining the defendants from instituting any action against IberiaBank for recovery of the SERP benefits; (4) attorney fees and costs incurred with bringing the interpleader action. Doc. 10, p. 1.

## II.
### LAW & ANALYSIS

We have federal subject matter jurisdiction over this interpleader action, as the SERP is governed by certain provisions of ERISA. Doc. 1, p. 1; *See* 18 U.S.C. § 1331. IberiaBank has properly sought interpleader under Federal Rule 22 and has demonstrated that there is a single fund at issue—the SERP benefits—and that there are adverse claimants to that fund. *Rhoades v. Casey*, 196 F.3d 592, 600–01 (5th Cir. 1999). Moreover, IberiaBank has established that it is a "disinterested stakeholder" and therefore is entitled to be discharged from the interpleader action at this time. *Hartford Life & Accident Ins. Co. v. Varnado*, No. 16-15, 2016 WL 9525709, at *4 (M.D. La. Apr. 20, 2016) ("If the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." (citations omitted)).

IberiaBank has conceded liability for the SERP payments and its Motion to Discharge is unopposed. As such, we recommend the court grant IberiaBank's Motion to Discharge under Rule

12(c). Doc. 10. We recommend that the court order IberiaBank to hold the SERP proceeds in trust for the benefit of the proper beneficiary. We recommend the court further order that, upon an adjudication of the proper SERP beneficiary, IberiaBank pay the accumulated benefits to that beneficiary and continue to make those monthly payments as provided for by the SERP.

We additionally recommend that the court grant IberiaBank's Motion to Dismiss Joyce Hayes' counterclaim, as it seeks relief duplicative of that sought in the interpleader action. Doc. 10, att. 1, pp. 7-8.

In order to effectuate the interpleader action, we recommend that the court enjoin Joyce Hayes and J. Michael Veron from instituting or prosecuting any proceeding in any forum against IberiaBank. *See Prudential Ins. Co. of Am. v. J.T.W.*, No. 10-74, 2011 WL 13281880, at *2 (W.D. La. Jan. 12, 2011) (noting that a federal court has the power to issue an injunction preventing parties from pursuing the same matter in another federal court or in state court).

Finally, we recommend the court grant IberiaBank's motion for reasonable attorney fees and costs incurred in connection with this interpleader action. Following the court's determination of a proper beneficiary, we recommend the court allow IberiaBank 30 days from that ruling to submit a motion to recover its attorney fees and costs.

## III.
### CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the court **GRANT** IberiaBank's Motions to Discharge and Dismiss. Doc. 10. It is also **RECOMMENDED** that the court order IberiaBank to hold the SERP proceeds in trust for the benefit of the rightful beneficiary. It is further **RECOMMENDED** the court further order that, upon an adjudication of the proper SERP beneficiary, IberiaBank pay the accumulated benefits to that beneficiary and continue to make those monthly payments as provided for by the SERP. Finally, it is **RECOMMENDED** that the

court allow IberiaBank thirty days following the court's determination of the beneficiary to seek an award of any cost or attorney fees to which it may be entitled.  It should be incumbent upon IberiaBank to monitor the progress of this litigation so that it might timely asserts its claim for cost and fees prior to judgment becoming final.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 21st day of June, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE